8 F.3d 26
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
In re EL DORADO IMPROVEMENT CORPORATION, Debtor,
EL DORADO IMPROVEMENT CORPORATION, Plaintiff-Appellant,
v.
Michael PHILLIPS; L. Monroe Phillips; Ski Run Marina,
Inc., Defendants-Appellees.
 No. 93-55094.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 20, 1993.*
Decided Oct. 7, 1993.
 
 Before: FLETCHER, POOLE, and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 The El Dorado Improvement Corporation appeals from the district court's memorandum decision affirming the bankruptcy court's dismissal of its complaint pursuant to Bankruptcy Rule 7012 and Fed.R.Civ.P. 12(b)(6) for failure to state a claim. We have jurisdiction under 28 U.S.C. § 158(d), and we dismiss this appeal as moot.
 
 
 3
 Bankruptcy's mootness rule applies when an appellant has failed to obtain a stay from an order that permits a sale of a debtor's assets. In re: Onouli-Kona Land Co., 846 F.2d 1170, 1171 (9th Cir.1988). The exception to the rule applies when a foreclosure sale is subject to a statutory right of redemption because such a sale is not truly final. Id. at 1173-74. Here, the bankruptcy court lifted the automatic stay, and the property was sold at a nonjudicial foreclosure sale.[1] Because there is no right of redemption after a nonjudicial foreclosure sale under California law, see Coppola v. Superior Court, 211 Cal.App.3d 848, 866 (Cal.Ct.App.1989), this appeal is moot.[2] See Onouli-Kona Land Co., 846 F.2d at 1173-74.
 
 
 4
 Because this appeal was rendered moot after the notice of appeal was filed, appellees' unopposed request for sanctions is denied.[3]
 
 
 5
 DISMISSED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Appellees' unopposed motion to take judicial notice of documents is granted
 
 
 [2]
 Appellant contends for the first time in his reply brief without citation to law or other authority, that even if this appeal is moot as to the sale of the property, he is still entitled to a return of the rental income and this court should permit him to amend the complaint to add this claim. This issue was not considered by the bankruptcy court, was not ruled on by the district court in its memorandum decision, and was not raised in appellant's opening brief. Accordingly, we decline to address it. See Pacific Express, Inc. v. United Airlines, Inc., 959 F.2d 814, 819 (9th Cir.), cert. denied, 113 S.Ct. 814 (1992)
 
 
 [3]
 Costs are awarded to appellees. See Fed.R.App.P. 39(a); 9th Cir.R. 39-1.4 (cost bill must be filed within 14 days)